# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMIR THOMAS, | Civil Action No. 20-2976 (SDW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| ALFARO ORTIZ, et al., | |
| Defendants. | |

IT APPEARING THAT:

1. On or about March 17, 2020, Plaintiff, Samir Thomas, a state criminal pre-trial detainee confined in the Essex County Correctional Facility, filed a civil complaint in which he seeks to raise claims against multiple jail officials based on alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Document 1 attached to ECF No. 1).

2. As Plaintiff has shown that he is entitled to *in forma pauperis* status, Plaintiff's application (Document 1 attached to ECF No. 1) shall be granted. *See* 28 U.S.C. § 1915(a).

3. Because Plaintiff will be granted *in forma pauperis* status, and because Plaintiff is a state prisoner, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."

1

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. In his complaint, Plaintiff alleges that he had a verbal altercation with a corrections officer named Oliva in which the guard called him a few homophobic slurs and insinuated Plaintiff, who is apparently homosexual, had slept with another guard who was doing him a favor by reheating some food while Plaintiff was locked in his cell. (ECF No. 1 at 10). Plaintiff does not allege that Oliva touched or physically assaulted him in any way. (*Id.*). Plaintiff does allege that Oliva refused to get a sergeant so Plaintiff could complain about Oliva's abusive language. (*Id.*). Plaintiff thereafter requested to file a complaint against Oliva pursuant to "P.R.E.A.," by which this Court presumes he means the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601, *et seq*. (*Id.* at 10-11). When this complaint was put in front of the sergeant, the sergeant told him that his allegations did not present an actionable PREA violation and did not refer his claim to internal affairs. (*Id.*). Jail staff thereafter refused to let Plaintiff refile his PREA complaint as he merely wished to reiterate the same allegation which had already been rejected. (*Id.*). Plaintiff contends that this amounts to Defendants failing to protect him from Oliva, and a failure to follow the PREA national standards. (*Id.* at 4-7).

7. The Court first notes that, to the extent Plaintiff is seeking to file a claim under PREA for the alleged failure to follow the rules applicable to states receiving PREA funding, "[w]hile the PREA was intended in part to increase the accountability of prison officials and to protect the Eighth Amendment rights of Federal, State, and local prisoners, nothing in the language of the statute establishes a private right of action." *Walsh v. N.J. Dep't of Corr.*, No. 17-2442, 2017 WL 3835666, at *4 (D.N.J. Aug. 31, 2017) (quoting *Amaya v. Butler*, No. 16-1390, 2017 WL 2255607, at *5 (S.D. Ill. May 23, 2017)); *see also Krieg v. Steele*, 599 F. App'x 232, 232 (5th Cir. 2015);

3

*Bowens v. Emps. Of the Dep't of Corr.*, No. 14-2689, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), *aff'd sub nom.*, *Bowens v. Wetzel*, 674 F. App'x 133, 136 *3d Cir. 2017). As such, PREA provides no basis for a stand-alone claim, and Plaintiff cannot create such a claim by "bootstrapping" PREA into a failure to protect claim under 42 U.S.C. § 1983. *Bowens*, 674 F. App'x at 137. The validity of Plaintiff's claims thus depends entirely on whether he can show a stand-alone constitutional violation, and PREA is irrelevant to that question. *Id.*

8. Petitioner's failure to protect claims fair no better. For a pre-trial detainee to state a viable failure to protect claim under the Fourteenth Amendment, he must plead facts which, if proven, would show that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the [defendants were] deliberately indifferent to that substantial risk to his health and safety, and (3) the [defendants'] deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). In this context, deliberate indifference is a subjective standard – "the prison official must have actually known or been aware of the excessive risk to inmate safety [; i]t is not sufficient that the official should have known of the risk." *Id.* (internal citations and quotations omitted). Where a defendant has no "realistic and reasonable opportunity to intervene" or otherwise protect the plaintiff, however, he cannot be held liable for failing to protect the plaintiff. *Id.* at 371. Here, Defendants had no opportunity to protect Plaintiff from Oliva, who was the only corrections officer present when he made his derogatory statements to Plaintiff. Likewise, although it is reasonable that Plaintiff would have been offended by Oliva's remarks, his harsh words alone do not, in any event, amount to a "substantial risk of serious harm" to Plaintiff's health and safety, and Plaintiff's failure to protect claim must fail for that reason as well. As both Plaintiff's PREA claims and his failure to protect claim fail to state a viable claim for relief, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

9. In conclusion, Plaintiff's application to proceed *in forma pauperis* (Document 1 attached to ECF No. 1) is GRANTED, and Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety. An appropriate order follows.

Dated: March 19, 2020

                                          *s/ Susan D. Wigenton*
                                          Hon. Susan D. Wigenton,
                                          United States District Judge